IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| White Forest Resources, Inc., *et al.*, | Case No. 25-10195 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Related Docket Nos. 434, 438, 449 & 451** |

**ORDER (I) CONVERTING THESE CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS, AND (III) GRANTING RELATED RELIEF**

This matter coming before the Court upon the *Debtors Motion for Entry of an Order (I) Converting These Chapter 11 Cases to Cases Under Chapter 7, (ii) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (iii) Granting Related Relief* (the "**Motion**");[2] the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion being adequate and appropriate under the particular circumstances; the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion; after due deliberation, and good and sufficient cause having been shown and in order to avoid immediate and irreparable harm to the Debtors and their estates,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: White Forest Resources, Inc. (3764); Xinergy Corp. (3865); Xinergy of West Virginia, Inc. (2401); Shenandoah Energy, LLC (6770); South Fork Coal Company, LLC (3113); Bull Creek Processing Company, LLC (0894); Raven Crest Mining, LLC (0122); Brier Creek Coal Company, LLC (9999) Raven Crest Contracting, LLC (7796); Raven Crest Leasing, LLC (7844); and Raven Crest Minerals, LLC (7746). The Debtors' service address is 1295 Ashford Hill Rd., Ashford, WV 25009.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors' Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code pursuant to section 1112 of the Bankruptcy Code, effective as of the earlier of the following (the "**Conversion Date**"): (a) the date and time upon which the Debtors file a notice on the docket of these cases indicating that the Conversion Date has occurred or (b) August 29, 2025 at 4:00 p.m. (ET).

3. Upon the occurrence of the Conversion Date, the United States Trustee shall appoint an interim trustee pursuant to section 701 of the Bankruptcy Code to serve in the Debtors' chapter 7 cases pending the qualification of a permanent trustee under sections 702 of the Bankruptcy Code.

4. The Debtors shall:

    a. Turn over to the interim chapter 7 trustee, once appointed, all records and property of their estates in their possession or control (except the Professional Fee Reserve Accounts) as required by Bankruptcy Rule 1019(4);

    b. Within fourteen (14) days of the Conversion Date, file schedules of unpaid debts incurred after the filing of the petition and before conversion of these cases, including the name and address of each holder of a claim as required by Bankruptcy Rule 1019(5)(A)(i); and

    c. Within thirty (30) days of the Conversion Date, file and transmit to the United States Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A)(ii).

5. On the Conversion Date, all professionals retained by the Debtors and the Committee shall be discharged, with no further action required; provided, however, that Chipman Brown Cicero & Cole, LLP and RK Consultants shall be authorized but not directed to assist the Debtors in effectuating a conversion of the Chapter 11 Cases to cases under chapter 7.

6. A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in the Chapter 11 Cases, shall appear at the first meeting of creditors after conversion of the Debtors' cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

7. Within fourteen (14) days of the Conversion Date, and in accordance with Local Rule 2002-1(f)(x), the Debtors' claims and noticing agent, Stretto, shall (a) forward to the Clerk an electronic version of all imaged claims, (b) upload publicly available portion the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register. One combined register shall be docketed in lead Case No. 25-10195 (TMH) containing claims of all of these jointly administered cases. A Final Claims Register shall also be docketed in each jointly-administered case containing the claims of only that specific case.

8. The Professional Fee Reserve Accounts shall continue to be held in trust and maintained for the sole benefit and payment of the fees and expenses of the Professionals in these cases as budgeted in the Final DIP Order to be disbursed in accordance with any orders of the Court, including orders on the Final Fee Applications.

9. For the avoidance of doubt, the Carve-Out shall be administered outside of the chapter 7 estates and not subject to administration by or turnover to a chapter 7 trustee.

10. The Professionals shall file their Final Fee Applications on or before September 12, 2025. The deadline to object to a Final Fee Application shall be September 26, 2025 at 4:00 p.m. (*prevailing* Eastern Time). A hearing to consider all timely filed Final Fee Applications shall be scheduled by the Court.

11. Within ten days after any order on the Final Fee Applications and in accordance therewith, the remaining amounts of the Carve-Out shall be disbursed to the applicable

Professionals on account of allowed fees and expenses. To the extent that the funds held in the Carve-Out are insufficient to pay in full such allowed fees and expenses, the Professionals shall be granted an allowed chapter 11 administrative expense claim to be paid from the chapter 7 estates in accordance with 11 U.S.C. § 726 as soon as practicable thereafter.

12. The employment of Stretto in its capacity as the Claims and Noticing Agent in the Debtors' Chapter 11 Cases is terminated effective as of the Conversion Date. Upon the Conversion Date, Stretto is released and discharged as the Claims and Noticing Agent in the Debtors' Chapter 11 Cases and shall bear no further responsibility in these Chapter 11 Cases, except that Stretto shall comply with Local Rule 2002-1(e)(x) and the requirements of this Order as set forth in paragraph seven (7) above. Upon the Conversion Date, Stretto may reduce the public case administration website to a static homepage reflecting that the cases have been converted, and in its discretion may opt to deactivate the website altogether.

13. Nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of any order of this Court (or documents related thereto) entered during the Chapter 11 Cases.

14. Notwithstanding anything herein to the contrary, upon full payment of all outstanding obligations under the Amended and Restated Senior Secured Superpriority Debtor-Possession Revolving Loan Credit Agreement Aegis Business Credit, LLC, as amended (the "**RLOC DIP**"), Aegis Business Credit, LLC ("**Aegis**") shall immediately, and without reserve, return all excess funds to the Debtors' Estates and, upon the return of such funds, Aegis shall be released from any further obligations to the estate, any successors in interest, or any Professionals (as defined in the Final DIP Order) arising under the RLOC DIP including without limitation, any obligations arising out of or relating to Paragraph 13 ("Carve-Out") of the Final DIP Order. For

the avoidance of doubt, all excess funds shall continue to be subject to the superpriority liens of the DIP Term Loan Agent, as set forth in the Final DIP Order.

15. For the avoidance of doubt, nothing herein prejudices any rights of Des Nedhe Resources, LLC.

16. Upon expiration of fourteen (14) days from the appointment of an interim chapter 7 trustee, the automatic stay shall be terminated solely for the limited purpose to allow Utica Leasco, LLC to exercise any and all state law rights and remedies against its Collateral.[3]

17. The Debtors are hereby authorized and empowered to take all actions necessary to implement and effectuate the terms of this Order.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

**Dated: August 25th, 2025**  
**Wilmington, Delaware**

**THOMAS M. HORAN**  
**UNITED STATES BANKRUPTCY JUDGE**

---

[3] The term "Collateral" shall have the meaning set forth in the *Stipulated Order (A) Providing Adequate Protection to Utica Leasco, LLC (B) Modifying the Automatic Stay, and Granting Related Relief* [Dkt. No. 159].