IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| White Forest Resources, Inc., *et al*. | Case No. 25-10195 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Objections due by: January 14, 2026 at 4 p.m<br>Hearing Date: January 29, 2026 at 1:00 pm |

**ENTERPRISE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF THE ENTERPRISE AGREEMENT AND (B) THE SURRENDER OF THE REMAINING VEHICLES, (II) APPROVING THE STIPULATION RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Enterprise FM Trust and Enterprise Fleet Management, Inc. (together, "Enterprise"), with the consent of Jeoffrey L. Burtch, Chapter 7 Trustee ("Trustee" together with Enterprise, the "Parties") of the chapter 7 estates (the "Estates") of White Forest Resources, Inc., *et al*. (the "Debtors"), through their undersigned counsel, hereby move (the "Motion") this Court for an Order approving the *Stipulation for Immediate Rejection of Master Equity Lease Agreement With Enterprise FM Trust and Enterprise Fleet Management, Inc. and To Modify the Automatic Stay Pursuant to 11 U.S.C. § 362* (the "Stipulation" a copy of which is attached to the Proposed Order as **Exhibit A**.) In support of this Motion, the Parties state as follows:

## JURISDICTION AND VENUE

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: White Forest Resources, Inc. (3764); Xinergy Corp. (3865); Xinergy of West Virginia Inc. (2401); Shenandoah Energy, LLC (6770); South Fork Coal Company, LLC (3113); Bull Creek Processing Company, LLC (0894); Raven Crest Mining, LLC (0122); Brier Creek Coal Company, LLC (9999) Raven Crest Contracting, LLC (7796); Raven Crest Leasing, LLC (7844); and Raven Crest Minerals, LLC (7746). The Debtors' service address is 1295 Ashford Hill Rd., Ashford, WV 25009.

Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The bases for relief arise under 11 U.S.C. §§ 362 and 365.

## BACKGROUND

4. On February 7, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

5. On August 25, 2025 (the "Conversion Date"), the Court entered the *Order (I) Converting These Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications, and (III) Granting Related Relief*. The Trustee was appointed as the chapter 7 trustee for the Estates.

6. Prior to the Petition Date, the Debtors entered into the Master Equity Lease Agreement dated January 26, 2017 with Enterprise (the "Lease Agreement").

7. As of the Conversion Date, pursuant to the Lease Agreement, the Debtors were leasing approximately thirty (30) vehicles from Enterprise pursuant to the terms of the Lease Agreement (the "Vehicles"). A list of the Vehicles is attached to the Stipulation as **Exhibit 1**.

8. Pursuant to the terms of the Lease Agreement, and subject to a formula set forth therein, the Debtors had the right to receive certain funds back from Enterprise (the "Equity Interest") following the return and retrieval the leased Vehicles, subject to a number of variables, including, *inter alia*, the condition and mileage of each Vehicle and the sales price realized by Enterprise.

**Rejection of the Lease Agreement is Appropriate**

9. The Debtors ceased operating on the Conversion Date, and as a result, the Trustee does not require the Vehicles to administer the Estates. In order to reduce the potential administrative expenses for the Estates, the Trustee seeks to reject the Lease Agreement. The Stipulation provides for the Lease Agreement to be deemed rejected pursuant to 11 U.S.C. § 365(a) effective as of the Conversion Date.

10. Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

11. The decision to assume or reject an executory contract is a matter within the "business judgment" of the trustee. *See, e.g., In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a trustee's decision to assume or reject an executory contract "should be granted as a matter of course").

12. In this chapter 7 case, the Trustee is not operating the business. Pursuant to the Stipulation, Enterprise intends to sell the Vehicles and remit the funds to the Estates. The Payment is the only conceivable value to the Estates under the Lease Agreement. As such, the rejection of the Lease Agreement is well within the business judgment of the Trustee. The Court should permit the rejection of the Lease Agreement, effective as of the Conversion Date.

### Modification of the Automatic Stay is Appropriate

13. As set forth in the Stipulation, to the extent the automatic stay applies, the Parties have agreed to a modification of the automatic stay under section 362 of the Bankruptcy Code (to the extent necessary) so that Enterprise can pick up and liquidate the Vehicles. Subject to Court approval, Enterprise shall provide the Trustee with an accounting of the costs of disposition and funds obtained from the sale of the Vehicles. To the extent the sales of the Vehicles result in a positive Equity Interest (as defined in the Lease Agreement), and after the application of any unpaid receivables or other losses under the Lease Agreement against such Equity Payment, Enterprise shall remit (the "Payment") to the Estates the Equity Interest as soon as practicable and in accordance with the terms and condition of the Lease Agreement, in any case within forty-five (45) days after the sale of all Vehicles.

14. The Parties have agreed that any Payment shall be subject to a holdback of no more than $10,000 for delayed charges under the Lease Agreement (the "Holdback") for up to an additional ninety (90) days, at which time any unpaid amount of the Holdback shall be remitted to the Estates.

15. If the sale of the Vehicles results in a negative Equity Interest, Enterprise may file a proof of claim on account of its losses under the Lease Agreement within forty-five (45) days after the sale of all Vehicles.

16.     Section 362(d)(1) of the Bankruptcy Code provides that, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay [ ] for cause." 11 U.S.C. § 362(d)(1).  While "cause" is not defined in the Bankruptcy Code, it is "a flexible concept" and courts consider the totality of the circumstances in each particular case. *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing *In re Wilson*, 116 F.3d 87, 90 (3d Cir. 1997)); *see also In re Snyder*, 293 F. App'x 140, 142 (3d Cir. 2008) (noting that bankruptcy courts have "wide latitude to balance the equities when granting relief from the automatic stay.").  In examining the totality of the circumstances, courts consider various factors including:

>   (1) Whether any great prejudice to either the bankrupt estate or the debtor will result from lifting the automatic stay;
>
>   (2) Whether the hardship to the non-bankrupt party by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and
>
>   (3) The probability of the creditor prevailing on the merits.

*In re Downey Fin. Corp.*, 428 B.R. 595, 609 (Bankr. D. Del. 2010).

17.     There is overwhelming cause to modify the automatic stay to permit Enterprise to take possession of and sell the Vehicles. There is no business for the Trustee to operate, and so he has no use for the Vehicles.  Moreover, the Vehicles are not property of the Estates.  There is no prejudice to the Estates as the potential Payment remitted to the Estates is the only value available to the Estates from the Vehicles and Lease Agreement.

## **CONCLUSION**

18. Enterprise respectfully request that the Court enter the Order submitted herewith and approve the Stipulation attached thereto.

Dated: December 31, 2025

                                    **COOCH AND TAYLOR, P.A.**

                                    /s/ *R. Grant Dick IV*
R. Grant Dick IV (Del. No. 5123)
Kevin D. Levitsky (Del. No. 7228)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Facsimile: (302) 984-3939
Email: gdick@coochtaylor.com
        klevitsky@coochtaylor.com

and

**FOLEY & LARDNER LLP**
Geoff Goodman
321 North Clark Streety, Suite 2800
Chicago, IL 60654
Telephone: (321) 832-4500
Email: ggoodman@foley.com

*Counsel for Enterprise FM Trust and Fleet Management, Inc.*